## Joseph P. Kellogg v. Belle F. Boehme et al.

1. SET-OFF—*In Distress Proceedings.*—A tenant against whom distress proceedings are instituted may avail himself of any set-off or other defense which would have been proper if the suit had been for rent in any other form of action, and is entitled, upon the filing of a proper

plea, to have his claims of every nature against the landlord considered, and allowed if found to be just.

2. SAME—*Extent of the Right in Distress Proceedings.*—The fact that the plaintiff in a distress warrant does not claim for previous years, does not prevent the defendant from bringing forward all his claims within the period of the statute of limitations, and items of set-off properly pleaded in such a case can not be excluded on the ground of a former suit pending for the same matters, no replication to that effect having been filed.

3. PRACTICE—*When a Case Goes to Trial Without Replication.*—If, when no replication is filed, a defendant goes to trial without objection in that respect, the replication must be treated as waived.

**Distress for Rent.**—Appeal from the County Court of Will County; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

MORRILL SPRAGUE and A. E. MILLER, attorneys for appellant.

D. F. HIGGINS, attorney for appellees.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Appellees instituted distress proceedings in the County Court against the appellant for the rent of demised premises for the year ending March 1, 1896. Appellant had occupied the premises as tenant of the appellees since March 1, 1893. To the distress warrant, standing as the declaration in the case, appellant pleaded the general issue, and set-off.

No replication was filed to the latter plea. A jury was waived and a trial of the issues had by the court, resulting in a finding and judgment against appellant for $336.62. From this judgment appellant prosecutes this appeal, the principal error complained of in his counsel's brief being the disallowance of the set-off, which it appears from the record the court disregarded. We find no warrant in the law for this action of the court. The defendant might avail himself of any set-off, or other defense, which would have been proper if the suit had been for rent in any form of

action, and with like effect. Sec. 21, Chap. 80, Starr & Curtis. Under his plea of set-off appellant was entitled to have his claims of every nature against the appellees considered, and if found just, they should have been allowed, to the extent even, if the evidence proved it, of a final balance and judgment against appellees. The court should not, as it did, have disregarded any portion of the set-off. Appellant had no control of the pleadings of his adversaries in the suit, and could not therefore require them to claim in their distress warrant for previous years, if such claim existed, and the fact that such claim was not made, should not have been held to prevent appellant from bringing forward all his claims within the period of the statute of limitations, then in existence against the appellees. Such items of set-off could not properly be excluded on the ground of a former suit pending for the same matters, no replication of that nature having been filed.

It is urged by counsel for appellant, no replication having been filed to the plea of set-off, it was confessed. Having gone to trial without objection in that respect it operated as a waiver of the replication.

For the error specified the judgment of the County Court will be reversed and the cause remanded.